**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE A. NORVELL, | No. 17-35239 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00195-EJL-REB |
| v. | |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Bruce A. Norvell appeals pro se from the district court's judgment

dismissing his action seeking declaratory and injunctive relief regarding terms

defined in his health care plans.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2012) (lack of standing); *San Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (issue preclusion). We vacate and remand.

The district court dismissed Norvell's action on the alternate grounds of lack of Article III standing and issue preclusion. However, Norvell alleged that he is unable to predict the medical care that would be covered and to project his copayments, and is therefore unable to understand and compare health benefits plans. *See* 5 U.S.C. § 8907(a)-(b) (setting forth information that the Office of Personnel Management shall make available to "enable the individual to exercise an informed choice among the types of [health benefits] plans"). In a case decided after the district court's ruling in this case, *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017), this court explained that in evaluating plaintiff's claim of harm, the district court must analyze "whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, . . . whether the specific procedural violations alleged . . . actually harm, or present a material risk of harm to, such interests."

In light of this intervening authority, we vacate the judgment and remand for further proceedings. *See Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979) (noting exception to issue preclusion where "[t]he issue is one of law and . . . a new determination is warranted in order to take account of an intervening change

in the applicable legal context" and noting that "[i]ssue preclusion has never been applied to issues of law with the same rigor as to issues of fact").

Norvell's request to prepare or review this court's order, set forth in his opening and reply briefs, is denied.

Blue Cross and Blue Shield Association, Blue Cross of Idaho Health Service, and Special Agent Mutual Benefit Association's motion to take judicial notice (Docket Entry No. 12), is denied as unnecessary.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**